IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DWIGHT ANTHONY GODDARD, | * | |
| Petitioner, | * | CASE NO. 5:04-CV-167-1-WDO |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:01-CR-0010-WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner Goddard's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Goddard was indicted in this court on January 31, 2001, for the offense of Possession of Cocaine Base, a/k/a crack cocaine in an amount exceeding 5 grams in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). (R-1) On September 13, 2001, Petitioner Goddard entered into a conditional Plea Agreement with the Government reserving the right to appeal the denial of his Motion To Suppress Evidence. (R- 30) On the same date, he pled guilty to the indictment charge. (R-31) Petitioner Goddard was sentenced by this court on February 13, 2002, to a term of imprisonment of 235 months. (R-35) He appealed the denial of his Motion To Suppress Evidence and, on November 29, 2002, the Eleventh Circuit Court of Appeals considering the same fully on the merits, Affirmed the district court's ruling and

Petitioner's conviction and sentence, which was made the Judgment in this court on **January 7, 2003.** (R-40) Petitioner Goddard did not apply to the United States Supreme Court for certiorari of the Court of Appeals decision, although he is credited with the 90 day period within which he might have done so. The Supreme Court has held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Petitioner Goddard, therefore, had one year from April 7, 2003, within which to file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. His § 2255 Motion presently under preliminary examination was not filed until June 2, 2004, almost two months beyond the statute of limitations provided by 28 U.S.C. § 2255. He signed his petition on May 25, 2004 and had it posted on May 26, 2005, but these dates are still beyond the statute of limitations provided for filing Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## The AEDPA Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. The relevant portion of 28 U.S.C. § 2255 is as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from

2

>   making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized
>   by the Supreme Court, if that right has been newly recognized by
>   the Supreme Court and made retroactively applicable to cases
>   on collateral review; or
>   (4) the date on which the facts supporting the claim or claims
>   presented could have been discovered through the exercise of
>   due diligence.

The one-year period of limitation provided by 28 U.S.C. § 2255 began to run in Petitioner's case, therefore, on April 7, 2003 and expired on April 7, 2004. Petitioner had no post conviction proceedings pending during that time which would have tolled the running of the one-year period of limitation. The Eleventh Circuit Court of Appeals has held that the AEDPA'S one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269, (11th Cir. 1999). See, *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990) "(Federal Courts) have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." See *Miller v. New Jersey State Dept of Corrections,* 145 F 3d 616, 619 (3rd Cir. 1998) (mere excusable neglect is not sufficient to toll the bar); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied,* 525 U. S. 891, 119 S.Ct. 210 (1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). An attorney's misinforming a petitioner as to the deadline for filing a federal petition does not constitute "extraordinary circumstances" warranting equitable tolling of

3

federal habeas statute's limitations period . *Helton v. Secretary of the Department of Corrections,* 259 F.3d 1310 (11th Cir. 2001). The *Sandvik* court, supra, at page 1272, found that late filing caused by the use of ordinary mail less than a week before the deadline was avoidable and therefore, not a proper ground for equitable tolling.

"The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of the Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the 11th Circuit Court of Appeals observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.*' 28 U.S.C. § 2255(1) (emphasis added)."

Without implying that Petitioner's claims may have merit, it must be stated that Petitioner simply overslept his right to file a Section 2255 collateral attack on his sentence. He has pled no extraordinary circumstances beyond his control and unavoidable even with diligence that prevented him from filing his Motion within one year after the finality of his sentence. The one-year period of limitations provided by the AEDPA in § 2255 ran out on April 7, 2004, prior to either the indicated date of his signing the Motion or the date the Motion was received for filing. While his pleadings may be given liberal construction, the Eleventh Circuit has said, "Liberal construction does not mean liberal deadlines." *Wayne*

*v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS RECOMMENDED that Petitioner Goddard's Motion to vacate, set aside or correct his sentence be DENIED as beyond the statute of limitations. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of June 2004.

G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
Middle District of Georgia

IN THE MATTER OF                                     No. 5:01-cr-00010

USA - plaintiff

v.

Goddard - defendant

Doc. ID No.(: 43  -

---

CERTIFICATE OF SERVICE

This is to certify that I have on this date mailed a copy of the attached document to:

    Charles L. Calhoun, Esq.
    P.O. Box 1702
    Macon, GA  31202-1702

    Dwight Anthony Goddard
    GDC460291
    P.O. Box 344
    Johnson State Prison
    Wrightsville, GA  31096-0344


Dated: June 15, 2004

                              Gregory J. Leonard, CLERK
                              By
                              Deputy Clerk