Remedies an Facts

5:01-CR-10-WDO

Filed at 8:28 A M
DATE 6/30/04
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

(1)

Dear: Judge Mallon Faircloth

I Petitioner Mr. Goddard is responding to the Report recommendation you have scent to me Concerning 2255 † motion To Set Aside or Vacate Sentence, you have recommended denied as beyond The Statute of limitations. I have Some objections An i hope an pray that Thay are exceptable in your Court.

under, 2255 Federal Custody: remedies on motion A 1-year Period of limitation Shall Apply to a Motion under this Section. The limitation period Shall run from the latest of - (4) The date on which the Fact's Supporting the Clam or Claims Presented Could have been discovered through The exercise of Due diligence.

My Fact's Supporting my Clam are that if my Counsel, Michael Chidester Bar No: 124406. For The defendant, me investigated the Fact's of This case, he would have understood, The importance of My Fourth Amendment Rights as Guaranteed By the Georgia Constitution Art I † I P. XIII. My Counsel Failed To understand that because State Law Enforcement officer's Arested me My Motion to Suppress Should have been tailored To Encompess my Legistlatively Mandated Right's

(44)

under The Fourth Amendment under the Georgia Constitution, Not the Less viewed Standard of The Federal Constitution, In Georgia it is Clear, The State's own Exclusionary Rule, Mandates all Evidence Seized By an Illegal Search or Seizure Must be Suppressed. An for that Fact of a reason Why i am Claiming INEFFEctive Assistance of Counsel

A Claim of INeffective Assistance of Counsel, the Standard of the two Prong test of Cause and Prejudice Has to be SHown under Strickland v. Washington 466 U.S. 668 (1984) "The Purpose of the EFFEctive Assistance Guarantee of the Sixth Amendment is.... To Ensure that Criminal defendant's Recieve A Fair Trial". Id. At 689

Guilty Plea Advice was INEFFEctive Assistance Because Counsel recommended Guilty Plea Based on Erroneous Application of Fourth Amendment Law And Evidence of Previous Plea Proceedings Indicated Defendant me would Not have Plea Guilty U.S. v. Streater. 70 F.3d. 1314, 1322-23 (D.C. Cir 1995).

Counsel's Failure to Rise Obvious and Significant Issues was INeffective Assistance Because it was Without Legitimate Stategic Purpose. Mason v. Hanks 97 F.3d 887, 894 (7th Cir. 1996)

Counsel's Failure To cite Directly Controlling Precedent was Ineffective Assistance Because it was objectively unreasonable and Resulted in Prejudice to defendant U.S. V. Williamson. 183 F.3d 458. 463-64 (5th Cir. 1999)

When i got denied at a probation revocation Hearing, I had then file for an Appeal, with The Appeal's Court of Georgia, they wrote my Lawer back a month Later telling him that They except my application, but for them Reverse the decision of the Judge they have To here from the Judge to fine why he did not Grant me my motion to Supress, an he got to Be withing recording of the Law, but so far From the petition my Lawer had scent to them Said it Should have been granted. But the State Court held back on the paper work, So that the Federal D.A. Could take me to Court, so that i Would become federal Property, So when the State of Georgia Court of Appeal's, herd that the unite States Have Custody of me Now, the State of Georgia Court of Appeal's dismiss my petition in their Court.

As you see from the paper work, i never receive Anything from my Lawer Mr. Michael L. Chidester About the one-year Period of the AEDPA Statute of Limitations Anti-Terrorism death Penalty or Act. anything about a time Period, if my Lawer Can write me a Letter an tell me how Longe I got to file with the Supreme Court, he Should Beable to tell me how longe i got to file with The habeas Corpus.

<u>Johnson v. US</u>. 2003 WL 2190279.7 The first Circuit disagreed, Concluding The operative date under, 2255 (4) is not The date the state Conviction was Vacated, But rather the date on which the defendant Learned, or with due diligence Should have Learned The facts Supporting his Claim to Vacate the State Conviction.

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

April 7, 2003

Mr. Michael L. Chidester
PO Box 1704
Byron, GA 31008

Re: Dwight Anthony Goddard, aka Tony
v. United States
No. 02-9329

Dear Mr. Chidester:

The Court today entered the following order in the above entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K Suter*

William K. Suter, Clerk

RECEIVED APR 11 2003

**MICHAEL L. CHIDESTER**
Attorney at Law
111 Highway 49 North
Byron, Georgia 31008

Telephone
(478) 956-1643

Reply To:
P.O. Box 1704
Byron, Georgia 31008

April 14, 2003

Mr. Dwight A. Goddard, EF 494932
E-2 R145
Wilcox State Prison
P. O. Box 397
Abbeville, GA 31001

RE: Goddard v. United States, No. 02-10966-HH, Eleventh Circuit Court of Appeals

Dear Tony:

I regret to inform you that the United States Supreme Court has declined to accept your case for review. Enclosed is a copy of the order which I received informing me of that decision. This will be the conclusion of all your direct appeals. If you wish to seek further review, you will have to pursue a motion pursuant to 28 U.S.C. Section 2241 et seq. These are the sections of the United States Code dealing with habeas corpus petitions.

I have enjoyed assisting you in this case, and I regret that the outcome was not more favorable.

Good luck on your future efforts.

Yours very truly,

*Michael L. Chidester/ec*
Michael L. Chidester

Enclosure

MICHAEL L. CHIDESTER
ATTORNEY AT LAW
111 HIGHWAY 49 NORTH
BYRON, GEORGIA 31008

TELEPHONE
(478) 956-1643

REPLY TO:
P.O. BOX 1704
BYRON, GEORGIA 31008

March 11, 2003

Mr. Dwight A. Goddard, EF 494932
E-2 R145
Wilcox State Prison
P. O. Box 397
Abbeville, GA 31001

RE: Goddard v. United States, No. 02-10966-HH, Eleventh Circuit Court of Appeals

Dear Tony:

The Supreme Court has received and filed your petition to have your case heard there. Of course, the Supreme Court does not have to hear your case. They will make that decision sometime in the next few months, and I presume we will be notified if they decide they wish to hear the case. It has been docketed in the United States Supreme Court as No. 02-9329.

Yours very truly,

Michael L. Chidester

**MICHAEL L. CHIDESTER**
ATTORNEY AT LAW
111 HIGHWAY 49 NORTH
BYRON, GEORGIA 31008

TELEPHONE
(478) 956-1643

REPLY TO:
P.O. BOX 1704
BYRON, GEORGIA 31008

December 4, 2002

Mr. Dwight A. Goddard, Inmate
EF 494932
Baldwin State Prison
P. O. Box 218
Hardwick, GA 31034

RE: Goddard v. U. S., Eleventh Circuit Court of Appeals

Dear Tony:

Enclosed is a copy of the opinion of the Court of Appeals in your case. The opinion was issued on November 29, 2002, and it was received by me on December 3. The Court has upheld Judge Owens in his decision to deny your motion to suppress evidence. Essentially, this means the case is over.

You have the right to ask the Appeals Court to reconsider its decision, but based upon my reading of the opinion, you would achieve no success. Likewise, an appeal to the United States Supreme Court would be unlikely to be accepted by that Court.

I wish this could have turned out better. Please write to me if you feel that an application for rehearing should be filed. It must be filed within 21 days of November 29, 2002, if it is to be considered at all.

I look forward to hearing from you.

Yours very truly,

*Michael L. Chidester/ec*
Michael L. Chidester

Enclosure

12/12/02

Dear: Mr. Chidester

Yes, Mr. Chidester, I wish for you to file for an appeal with The Supreme Court, Thank you for your time.

Sincerely,

Dwight Goddard

This is an exact copy of the notarized letter to this attorney.

Carolyn Walker
Education Media Resource Specialist
12/12/02

# Statement of Some Events

## (2)

In November 8/03, Whow incarceration. At Wilcox State Prison, I have came across this information from a very knowledgable inmate about the Law, he did my paper work for me, I ask him if there a time period on this. He told me no, because anytime you fine newly discovered evidence, you do not have no time period, so he told me to try an get it type up, But a week later he got tranferd to another camp a week afther that i got tranferd to this Camp Johson State prison. I had sent the paper work home to my family to see if they could get it type up. but no success, so they scent it back to me later, but buy me not knowing somethings about the Law work, so i ask around for help, some inmate told me to just send it in like it is, so i did. but the inmate who did my paper work for me had told me that i could send it to the Eleventh Circuit Court of Appeal's, an as you can see from this paper work i did that, the 11th Circuit Court of Appeals, scent it back to me explaning why, But i through that i had did something wrong so i ask around for help. ~~Some i an~~ some inmate in the Law Library just send it like it is to middle district of Georgia an i did, but now i fine out that there was a time period on it.

## Facts of the case

(3)

I read the Procedural History an it said that I did not apply to the united state's Supreme Court for Certiorari of the Court of Appeals Decision, although I'm Credited with the 90 day Period within which he might have done so. The Supreme Court has held that, for federal criminal Defendant's who do not file a petition for Certiorari With that Court on direct review, 2255's one-year Limitation period starts to run when the time For seeking such review expires. Clay V. united State's, 537 U.S. 522, 123 S.Ct. 1072 (2003). But as you Can see from the paper work that I am sending To the Court so you can see that i did infact file A petition to the united state's Supreme Court.

This 256 Day 25, 2004.

Dwight Goddard
Dwight A. Goddard #460291
H-1-114-T J.S.P P.O. BOX 344
Wrightsville, GA, 31096-0344



CYNTHIA YVETTE TAYLOR
NOTARY PUBLIC • GEORGIA
WASHINGTON COUNTY
My Commission Expires March 10, 2007

Cynthia Yvette Taylor
June 25, 2004

*The Court of Appeals*
*Office of the Clerk*
*334 State Judicial Building*
*Atlanta, Georgia 30334*

WILLIAM L. MARTIN, III
CLERK AND COURT ADMINISTRATOR

(404) 656-3450

February 20, 2004

Mr. Dwight A. Goddard
GDC460291      D-H1   B-114
Johnson State Prison
Post Office Box 344
Wrightsville, Georgia 31096

Dear Mr. Goddard:

Enclosed please find the documents I received under cover of your mailing of postmark date February 18, 2004. I believe you intended these for the Eleventh Circuit Court of Appeals.

You may write the Eleventh Circuit Court of Appeals at the following address:

Eleventh Circuit Court of Appeals
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Again, I am returning your documents to you in case you need them for future proceedings.

Sincerely,

William L. Martin, III
Administrator/Clerk
Court of Appeals of Georgia

WLM, III/ld
Enclosures

*The Court of Appeals*
*Office of the Clerk*
*334 State Judicial Building*
*Atlanta, Georgia 30334*

HOLLY K.O. SPARROW
DEPUTY COURT ADMINISTRATOR

(404) 656-3450

May 19, 2004

Mr. Dwight A. Goddard
GDC460291   H-1   114-T
Johnson State Prison
Post Office Box 344
Wrightsville, Georgia 31096

    RE:    A02A0712.    Dwight Anthony Goddard v. The State

Dear Mr. Goddard:

    Please be advised that the above referenced case was dismissed by the Court on June 4, 2002. The remittitur was sent out on June 25, 2002.  I have enclosed a copy of the Court's remittitur dismissing the appeal for your review.  This Court no longer has jurisdiction over this matter.

        Sincerely,

        Holly K.O. Sparrow
        Deputy Court Administrator
        Court of Appeals of Georgia

HKOS/ld
Enclosure

# REMITTITUR

# Court of Appeals of the State of Georgia

ATLANTA, JUNE 04, 2002

The Court of Appeals having met, the following judgment was rendered:

COURT OF APPEALS CASE NO. A02A0712
DWIGHT ANTHONY GODDARD V. THE STATE

This case came before this court on appeal from the SUPERIOR Court of BALDWIN County; it is considered and adjudged that

the appeal be dismissed.

BLACKBURN, C.J., JOHNSON, P.J., AND MILLER, J., CONCUR.

LC NUMBERS: 38626E

Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, **JUN 25, 2002**

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Clerk

MICHAEL L. CHIDESTER
ATTORNEY AT LAW
111 HIGHWAY 49 NORTH
BYRON, GEORGIA 31008

TELEPHONE
(478) 956-1643

REPLY TO:
P.O. BOX 1704
BYRON, GEORGIA 31008

December 23, 2002

Mr. Dwight A. Goddard, EF 494932
E-2 R145
Wilcox State Prison
P. O. Box 397
Abbeville, GA 31011

RE: Goddard v. United States, No. 02-10966-HH, Eleventh Circuit Court of Appeals

Dear Tony:

I received your note dated December 12 on December 20. December 20 was the last day to file an application for rehearing in the Court of Appeals. However, your note instructed me to file an appeal with the United States Supreme Court. Therefore, I will prepare and file an application for consideration by the United States Supreme Court of your case. Please understand the Supreme Court does not have to review your case at all. Essentially, the application is a request that they review your case.

The petition before the Supreme Court must be filed with 90 days of the date of the judgment of the Court of Appeals. I will send you a copy of it for review as soon as I have it prepared.

Yours very truly,

Michael L. Chidester

**MICHAEL L. CHIDESTER**
ATTORNEY AT LAW
111 HIGHWAY 49 NORTH
BYRON, GEORGIA 31008

TELEPHONE
(478) 956-1643

REPLY TO:
P.O. BOX 1704
BYRON, GEORGIA 31008

February 27, 2003

<u>CERTIFIED MAIL 7001 2510 0007 0871</u>
<u>RETURN RECEIPT REQUESTED</u>

Honorable William K. Suter, Clerk
United States Supreme Court
One First Street, N.E.
Washington, D.C. 20543

RE: Petition for Writ of Certiorari, Dwight Anthony Goddard v. United States

Dear Mr. Suter:

Enclosed for filing are the following documents:

    1) one original motion to proceed *In Forma Pauperis*, attached to and preceding one original petition for writ of certiorari;

    2) ten copies of item #1;

    3) one original certificate of service of the motion to proceed *In Forma Pauperis*;

    4) one original certificate of service of the petition for writ of certiorari; and,

    5) one copy of the first page of each certificate of service, one copy of the cover sheet for the motion, and one copy of the cover sheet for the petition.

I was appointed as counsel for the petitioner pursuant to the Criminal Justice Act, and the motion to proceed *In Forma Pauperis* reflects the information required under Rule 39 of the Court. Therefore, no fees are submitted herewith.

Service has been perfected in compliance with Rule 29(3) and (4) as reflected on the certificates of service.

Please file the originals and required copies, and please place your date stamp filing information upon the enclosed copies of the first pages of the four documents. Please return those copies to me in the enclosed self-addressed and stamped envelope.

Thank you very much for your kind assistance with this matter.

Yours very truly,


Michael L. Chidester

Enclosures

cc:    Mr. Charles Calhoun
       Solicitor General of the United States
       Mr. Dwight A. Goddard

Mr. Dwight A. Goddard
G.D.C.-460291 Dorm-H-1 R-114
Johnson State Prison P.O. Box 344
Wrightsville, Georgia 31096

To: Honorable Charlene A. Luns
U.S. Deputy Clerk of The M
District of Georgia P.O. Box
Macon, Georgia 31202-01



Johnson State Prison
P.O. Box 344, Donovan Road
Wrightsville, GA 31096

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has not been opened or inspected. If the letter raises a question or problem over which the facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.