**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DWIGHT GODDARD,** : | |
| Petitioner-Defendant : | |
| v. : | 5:01-CR-10 (WDO) |
| **UNITED STATES OF AMERICA,** : | |
| Respondent : | |

**ORDER**

This matter is before the Court on Petitioner's motion to reconsider the Court's adoption of the Magistrate Judge's Report and Recommendation that resulted in the denial of Petitioner's habeas petition. Petitioner contends that, because he was housed at a location with allegedly inadequate law libraries, he should be excused from the time limitation for filing his habeas petition. As more fully explained in the Recommendation, Petitioner's latest motion attacking his sentence was untimely filed, and Petitioner presented no evidence or argument in support of tolling that time period. See Arthur v. Allen, 452 F.3d 1234, 1252-1253 (11th Cir. 2006) (even when a prisoner alleges an inadequate law library was the reason he failed to timely file his habeas petition he must still show extraordinary circumstances *and* diligence in filing the petition). The record shows that Petitioner was not diligent in filing his petition even after he learned of the time limitation. See also Miller v. Marr, 141 F. 3d 976, 978 (10th Cir. 1998) (not knowing about the period of limitation until too late is not

1

ground for equitable tolling); <u>Godoski v. United States</u>, 304 F.3d 761, 762 (7th Cir. 2002) (ignorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence). Petitioner's motion for reconsideration is therefore DENIED. Based on the same reasoning, the Court notes that Petitioner has belatedly filed his Objection to the Recommendation but again failed to set forth any legal or factual basis to vacate or amend his sentence.

**SO ORDERED this 20th day of March, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**