# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DWIGHT ANTONY GODDARD, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:06-CV-374 WDO |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:01-CR-10 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Goddard has previously filed in this court a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on May 24, 2004. On August 17, 2004, this court dismissed Petitioner's first Motion as untimely pursuant to § 2255. Petitioner Goddard on March 21, 2008, filed a Motion Pursuant to Fed.R.Cv.P. 60(b) complaining of the handling of his § 2255 motion originally and improperly filed with the United States Court of Appeals for the Eleventh Circuit. This court has directed that Petitioner's present Motion Pursuant to Rule 60(b) (subsection unspecified) be classified as a § 2255 Motion. Having already filed one Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, Petitioner's present § 2255 Motion falls under the provisions to 28 U.S.C. § 2255 paragraph 8, which specifies:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267, FN2 (11th Cir. 2007), the Court noted:

> The Antiterrorism and Effective Death Penalty Act of 1996 AEDPA") bars a district court from hearing a "second or successive" habeas petition based on a new claim unless the court of appeals has determined that the new claim is based on either (1) a new and retroactive rule of constitutional law *or* (2) new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b).

Therefore, the District Court is presently barred or without jurisdiction to entertain Petitioner's second or successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, until such time as the United States Court of Appeals for the Eleventh Circuit authorizes the same pursuant to 28 U.S.C. § 2244(b).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion be Dismissed without Prejudice to allow him to make application to the United States Court of Appeals for the Eleventh Circuit for authorization to proceed in this court.

**SO RECOMMENDED** this 20th day of May 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE