**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : 5:01-CR-10 (HL) |
| **DWIGHT ANTHONY GODDARD,** | : |
| Defendant. | : |

# ORDER

Before the Court is Petitioner's Motion Under Rule 60(b) (Doc.100). The Magistrate Judge has issued a Report and Recommendation, which treats the Motion as one made under 28 U.S.C. § 2255. After a review of the issues presented, however, the Court has determined that the present Motion is not a second or successive § 2255, but rather is properly treated under Rule 60(b) as originally designated.[1] The Recommendation will therefore be disregarded, and the Court addresses the merits of the Motion de novo. The Court finds that relief under

---

[1] The Court initially referred the 60(b) Motion to the Magistrate Judge for a determination regarding whether it was a second or successive § 2255. Because of the way the Motion was referred, however, the Magistrate Judge automatically treated it as a § 2255 without addressing the propriety of doing so. As Petitioner's objections to the Recommendation point out, because the Rule 60(b) Motion only addresses the timeliness of the original § 2255, it presents no "claim" that habeas-type relief is available and therefore is not a second or successive § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005).

Rule 60(b) is appropriate and grants the Motion. Petitioner's original Motion for Relief Under Rule § 2255, which was filed with the Eleventh Circuit Court, is to be considered timely.

**I. BACKGROUND**

On February 13, 2002, Defendant was sentenced to 235 months imprisonment and five years of supervised release after he pleaded guilty of violations of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. The judgment of this Court was affirmed January 2, 2003. Defendant subsequently appealed to the United States Supreme Court, but certiorari was denied in a letter dated April 7, 2003. <u>See</u> Doc. 48 at 2. The one-year statute of limitations for Defendant to file a motion for relief under § 2255 would have therefore expired April 7, 2004.

Initially, Defendant filed his Motion to Vacate Under § 2255 in the Eleventh Circuit Court of Appeals. That Motion was stamped received by the Eleventh Circuit on February 26, 2004. <u>See</u> Doc. 56 at 4. In a letter dated February 27, 2004, the clerk of the Eleventh Circuit clerk stated that Defendant did not have a case pending in that court and it could not "directly assist" him for that reason. It further stated,

> You may wish to contact the district court in which you were convicted for information on filing this motion in their court.
>
> This Court has limited jurisdiction. In general, only cases which have been first filed, and finally decided, in a Federal United States District Court within this circuit . . . may be appealed to this court [sic]. **If the district court has issued final judgment in your case, you must file**

2

> **a notice of appeal in THAT COURT**. . .
>
> Because this office can provide no further assistance to you at this time, we are returning your correspondence without further action.

Doc. 54-2 at 2.

Defendant then filed a Motion to Vacate Under § 2255 in this Court on May 28, 2004. The Court adopted the Magistrate Judge's recommendation to deny the petition as time-barred on August 18, 2004. Goddard subsequently moved for a hearing on the Motion. The request for hearing was denied October 8, 2004.

Petitioner moved for reconsideration of the Court's denial of his request for a hearing (Doc. 54). The Magistrate Judge's Report and Recommendation considered Goddard's argument that the statute of limitations should have tolled because the Eleventh Circuit clerk failed to transfer his motion to the district court. See Doc. 57. Specifically, the Report and Recommendation found that the facts did not warrant equitable tolling of the AEDPA statute of limitations. The Court adopted the Report and Recommendation on November 3, 2005 (Doc. 59).

On May 1, 2006, Petitioner filed a Motion to File Objections to the Magistrate Judge's September 19, 2005 Report and Recommendation (Doc. 73). That Motion was summarily denied on September 14, 2006, because the matter had already been fully resolved. See Doc. 75. Undeterred, Goddard filed a Motion under Rule 60(b) on November 3, 2006 (Doc. 76). He again argued his original § 2255 Motion was timely filed and claimed there were new equitable circumstances to justify

equitable tolling. Those "new" circumstances were that the prisons where he had been housed during the time the statute of limitations was running did not have adequate libraries (Doc. 76). The Magistrate Judge recommended denial of the Motion, and the Court adopted that recommendation in an Order dated January 4, 2007 (Doc. 79).

Petitioner filed another Motion Under Rule 60(b) on April 17, 2007 (Doc. 89). In it, he argued that statutory tolling–as opposed to equitable tolling–applied to his § 2255 Motion because a government-created impediment prevented him from timely filing. The claimed impediment was the poor law library at the prisons where Petitioner was housed. The Court treated his Motion as a Motion to Reconsider the Court's January 4, 2007 Order, and denied it on April 18, 2007.

## II. ANALYSIS

### A. Standard

#### 1. Rule 60(b)

Under the Federal Rules of Civil Procedure, a court may provide relief from a final judgment due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). No new evidence has come to light in this case. Petitioner has simply discovered a statute, which he hopes will provide sufficient grounds for the Court to reverse its finding that his § 2255 Motion was untimely. This is an argument that was certainly available to him when he filed one of his many previous motions, but he apparently was not aware of it then. The only provision that could therefore possibly allow the Court to provide Goddard with the relief he requests is the catchall provision in Rule 60(b)(6).

### B. Transfer Under § 1631

Goddard now argues that his § 2255 Motion should be deemed filed on February 26, 2004, the day the clerk of the Eleventh Circuit "erroneously failed to file . . . and transfer" it to the appropriate district court. He cites 28 U.S.C. § 1631, which states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

5

28 U.S.C. § 1631 (emphasis added).

The Eleventh Circuit Court of Appeals considered the application of this Rule in Guenther v. Holt. 173 F.3d 1328, 1331 (11th Cir. 1999). One of the defendants in that case timely filed a habeas corpus petition. Id. It was his second petition for habeas relief, however, and instead of filing it in the appropriate court of appeals as the statute required, he filed it in the district court. Id. Instead of transferring the application to the Eleventh Circuit, the district court dismissed it. Id. At the time of the dismissal, three months remained before the expiration of the statute of limitations. Id. The Court found that the interests of justice did not require transfer, since the defendant had ample to re-file his petition in the court of appeals after the dismissal. Id. Because transfer under § 1631 is mandated only when the interests of justice so require, the district court's failure to transfer the action was not error. Id.

As the history of this case reflects, Petitioner has made many arguments in his multiple motions based on the same fact that the Eleventh Circuit clerk did not transfer his § 2255 Motion to the district court. In each instance, the Court considered his arguments and accurately determined that those arguments–as he presented them–were without merit. Likewise, in this case Goddard's claim that § 1631 required the Eleventh Circuit to transfer his Motion fails. The Clerk of the Eleventh Circuit sent him a letter advising him to contact the district court on

6

February 27, 2004, more than a month before the one-year statute of limitations expired. As in Guenther, the Petitioner here had more than enough time to re-file in the correct court when he received notice that his case was filed in the wrong court. The interests of justice in this case did not require transfer, therefore his Motion did not fall under the mandate of § 1631.

### C. Transfer Under Federal Rules of Appellate Procedure

This is not, however, the end of the inquiry. Under the Rules of Appellate Procedure, if an original application under § 2255 is erroneously made to a circuit judge, "the application *must* be transferred to the appropriate district court." Fed. R. App. P. 22(a) (emphasis added).[2] Unlike the provision in 28 U.S.C. § 1631, the transfer requirement in Rule 22(a) is not conditional on the interests of justice requirement. Had a transfer under this rule occurred, the Motion would have been considered timely. The Court finds that this is a "reason that justifies relief" under Federal Rule of Civil Procedure 60(b)(6).

## III. CONCLUSION

It is therefore ordered that the § 2255 Motion that Petitioner filed in the Eleventh Circuit be considered timely and referred to the Magistrate Judge for a Report and Recommendation. The Motion is found in the record of this case. See

---

[2]This requirement was made a part of Federal Rule of Appellate Procedure 22 in 1996. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 103-132, § 103, 110 Stat. 1214, 1218 (1996).

Doc. 54 at 4-5. The clerk is ordered to re-file this document as a Motion under § 2255 and refer it to the Magistrate Judge for a Report and Recommendation on the merits.

**SO ORDERED**, this the 15th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch