IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DWIGHT ANTONY GODDARD, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:08-CV-90015 HL<br>28 U.S.C. § 2255<br>CASE NO. 5:01-CR-10 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Goddard was indicted in this court on January 31, 2001, for the offense of Possession of Cocaine Base, a/k/a crack cocaine, in an amount exceeding 5 grams in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). (R-1). On September 13, 2001, he entered into a conditional Plea Agreement with the Government reserving the right to appeal the denial of his Motion To Suppress Evidence. (R- 30) On the same date, he pled guilty to the indictment charge. (R-31). Petitioner Goddard was sentenced by this court on February 13, 2002, to a term of imprisonment of 235 months. (R-35).  He appealed the denial of his Motion To Suppress Evidence and the Eleventh Circuit Court of Appeals, considering the same fully on the merits, affirmed the district court's ruling on Petitioner's Motion To Suppress Evidence on November 29, 2002. (R-40).  In its comprehensive opinion, the  Eleventh Circuit Court of Appeals "affirmed the district court's denial of Goddard's motion to suppress the cocaine taken from his pocket.  The evidence was procured during a search incident to a lawful, warrantless arrest in a public place."  (R-40 at 10).

On February 26, 2004, Petitioner Goddard timely filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, albeit with the  United States Court of Appeals for the Eleventh Circuit.  (R-54).  On October 31, 2008, Petitioner Goddard sought leave to amend the

factual basis of his § 2255 claims of ineffective assistance of counsel. (R-110). His motion was granted. (R-111). Goddard's claims before this court are as follows:

> Sentencing attorney was ineffective during the hearing on the motion to suppress, in failing to argue that the arresting officer lacked probable cause to arrest Petitioner for an alleged controlled substance purchase of drugs from Petitioner a year prior to his arrest, thus, the officer lacked cause to search Petitioner incident to arrest. This search led to the discovery of crack cocaine on Petitioner's person which formulated the basis for the instant offense.
>
> Furthermore, counsel was ineffective in these regards, when he failed to bring to the Court of Appeals' attention, that during a previously held probation revocation hearing in state proceedings on April 20, 2001, in the Superior Court Ocmulgee Judicial Circuit Baldwin County Courthouse, Milledgeville, Georgia, the arresting officer never testified that when he approached Petitioner on the date of arrest, that he had the forethought of arresting Petitioner for alleged controlled purchase of drugs from Petitioner during an incident which occurred approximately a year prior. Such failure upon counsel's part, resulted in the Eleventh Circuit Court of Appeals reaching an erroneous conclusion that the search of Petitioner in the instant offense was lawful, because it was incident to a lawful arrest.

(R-110 at 1, 2). As ably and accurately proffered by the Government in its Answer in Opposition to Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, the standard of review of claims of ineffective assistance of counsel are concisely set out according to the following authority, as frequently cited by this court. To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound

strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995); and *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

## The Merits of Petitioner's Claims

Petitioner's contention that his counsel was ineffective for failing to argue the lack of probable cause at the suppression hearing is factually without basis and therefore without merit. The court must note that Petitioner's Counsel filed the Motion To Suppress (R- 21) based on the lack of probable cause to stop or arrest Petitioner Goddard and search his person. He argued in Memorandum Brief (R-21-1, 22) and at hearing on his Motion To Suppress that Officer Hurley did not have probable cause to stop Petitioner or search him, because his arrest was unlawful. Counsel established through questioning Officer Hurley that the Officer did not conduct a formal arrest prior to the search and that he did not have a search warrant. (Hearing Transcript at 30). Likewise, Counsel established that, once stopped by Officer Hurley, Petitioner Goddard was not free to leave, because the Officer had the intention to search Petitioner's person and his automobile. (Hearing Transcript at 31). However, these facts did not demonstrate a violation of Petitioner's Fourth

Amendment rights.  The  United States Court of Appeals for the Eleventh Circuit pointed out in its decision on Petitioner's direct appeal that, "the search was of a person in a *public location* incident to arrest, supported by probable cause." (R-40 at 5).   The Court added, "[T]here is no question that the search was supported by probable cause. Probable cause for a search exists when under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' *Illinois v. Gates,* 426 U.S. 213, 238 (1983).  ... Observations and other information supplied by officers involved in a common investigation can, taken together, create probable cause for a search. *See United States v. Kirk,* 781 F.2d 1498, 1505 (11th Cir. 1986)." (*Id.* at 7).

Consequently, Officer's Hurley's testimony, even if ambiguous, in a prior and separate incident involving Petitioner and a drug transaction has no bearing on the sufficiency of the basis for probably cause to stop, arrest, and search Petitioner Goddard on the date of his arrest in this case. His claims of ineffective assistance of counsel in regard to the state court testimony of Officer Hurley in a prior incident cannot be the basis of any challenge to the probable cause that existed for Petitioner's arrest and search in the present case.  Probable cause having been shown to exist and found by the  United States Court of Appeals for the Eleventh Circuit, this court is not authorized to find contrary to the finding of the Court of Appeals[1] to support a claim of ineffective assistance of counsel.  Counsel's representation was not deficient just because he failed to overcome the facts establishing Petitioner's guilt in the case.  Petitioner Goddard has failed to meet either prong of the

---

[1] The Eleventh Circuit Court of Appeals held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000), that, "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981)." ... "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

4

*Strickland* test for ineffective assistance of counsel.  He cannot show deficiency nor prejudice from the conduct of his counsel in this case.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 27th day of January 2009.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**