# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 5:01-cr-10(HL) |
| DWIGHT ANTHONY GODDARD, | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

Before the Court are the Defendant's pro se motion for jail time credit (Doc. 129) and motion for court to take judicial notice of pending motions and provide an order with 5(b) certification that will invoke appellate jurisdiction (Doc. 134). For the following reasons, the motion for jail time credit (Doc. 129) is denied. The motion for judicial notice (Doc. 134), construed as a motion to amend an order (Doc. 130) denying a motion for reconsideration, is granted. Since this order amends the order (Doc. 130) to make the motion for reconsideration (Doc. 124) a pending motion ripe for ruling, the Court also rules on the merits of the motion (Doc. 124) and denies reconsideration.

I.   MOTION FOR JAIL TIME CREDIT

The Defendant pled guilty to a crack cocaine offense and was sentenced in February 2002 to a prison term of 235 months to run concurrently with the state sentence that the Defendant was serving. The Defendant contends in his motion for jail time credit that the Bureau of Prisons has not accurately calculated the time he spent serving his state sentence. He believes that because he served his state sentence from October 26, 2000 to April 20, 2001 that his jail time credit should have begun on April 20, 2001. The Defendant

is serving his Federal sentence at the Federal Medical Center in Lexington Kentucky.

Title 18 U.S.C. § 3585(b)(1) authorizes the Bureau of Prisons "to give credit for time an inmate has spent in official detention." Pizzichiello v. Director Federal BOP, 193 Fed. App'x 907 (11th Cir. 2006). "[T]he Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted).

The Defendant must exhaust his administrative remedies challenging the Bureau of Prisons' decision to provide him credit for time he has served in state custody. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (" A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citation omitted). If the Defendant is dissatisfied, then he may challenge the Bureau of Prisons' determinations by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.") (citation omitted). Habeas claims asking for credit for time served are properly brought under § 2241. Williams, 425 F.3d at 990.

Habeas corpus petitions must name the warden of the facility where the prisoner is held as the defendant and the petition must be filed in the district where the prisoner is confined. Barden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds in what is alleged to be unlawful custody."); Fernandez

v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section § 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated).

The Defendant has not shown he exhausted his administrative remedies. He also has not filed his request in the proper venue naming the proper defendant. Therefore, his motion (Doc. 129) is denied. After exhausting his administrative remedies, he may file a habeas corpus petition in the U.S. District court for the Eastern District of Kentucky naming the warden of his facility as the defendant.

## II. MOTION FOR COURT TO TAKE JUDICIAL NOTICE

The Defendant contends in the motion to take judicial notice that he has pending in this Court a motion for reconsideration. He asks the Court to rule on the motion for reconsideration so that he may have a final order to appeal.

The Defendant is correct that he has a pending motion for reconsideration. The pending motion is a motion to reconsider (Doc. 124) the order denying his petition for habeas corpus relief.

Throughout this lengthy case, the Defendant has filed multiple motions and petitions. He filed a petition for a writ of habeas corpus (Doc. 54) and a motion for reduction of sentence based upon the retroactive crack cocaine amendment (Doc. 101). The petition for habeas corpus relief was denied. See Doc. 114 (report and recommendation) and Doc. 122 (order adopting report and recommendation). The motion for reduction of sentence was denied in an another order (Doc. 120) because the Defendant was a career offender.

The Defendant then filed a motion to reconsider the order denying him habeas

relief (Doc. 124) and a motion for reconsideration of the order denying his motion to reduce sentence (Doc. 125). The Court erroneously found that his reconsideration motion on his habeas petition was also a motion to reduce sentence. As a result it denied both reconsideration motions only on the basis that the Court had no authority to consider modifying his sentence and that his motion to reconsider the sentence ruling was untimely (Doc. 130). The Court did not address the motion to reconsider the habeas corpus order.

To remedy this error, the Court amends its order denying reconsideration (Doc. 130). The order is amended to state that Doc. 124 is not a motion to reconsider the denial of his motion to reduce sentence and is instead a motion to reconsider the order denying him habeas relief. The amendment makes Doc. 124 a pending motion ripe for ruling.

Having made the motion for reconsideration of the denial of habeas relief (Doc. 124) a pending motion, the Court now denies it. The Defendant raises baseless grounds for reconsidering the order. He cites incorrect law and shows no reason why the Court's orders denying him habeas relief are incorrect. Accordingly, the motion to amend the order denying reconsideration(Doc. 134) is granted. The motion for reconsideration (Doc. 124) is denied.

**SO ORDERED**, this the 24th day of May, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc