IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RECEIVED
CLERK'S OFFICE

2013 FEB 12  PM 4: 45

UNITED STATES OF AMERICA

VS.

Dwight Anthony Goddard,

Defendant.

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

NO. 5:01-CR-00010-CAR

## ORDER

This matter is before the Court on the Motion (Doc. 145) as Amended (Doc. 146) and filed November 1, 2011, and November 21, 2011, respectively. The Defendant moves the Court to reduce his sentence for Possession of Crack Cocaine under U.S. Sentencing Guidelines promulgated under the Fair Sentencing Act of 2010 (hereinafter "FSA") – namely Amendment 750.

The government opposes the requested sentence reduction. (Doc. 154). The government contends the Defendant's original sentence was based on the Career Offender Guideline, not the drug guideline; thereby disqualifying Defendant for a sentence reduction under the FSA generated Amendment 750. The Court agrees with the government's position.

The FSA was signed into law on August 3, 2010, and amended the penalty provisions of 21 U.S.C. §841 by increasing the total amount of crack cocaine necessary to trigger mandatory minimum sentences. This law reduced the crack cocaine to powder cocaine ratio to 18:1. In conformity with the FSA's mandate to the U.S. Sentencing Commission, the Commission issued an emergency temporary amended guideline, effective November 1, 2010. This amended guideline reduced the base offense levels for various quantities of crack cocaine. The amendment became retroactive on November 1, 2011.

Amendment 750 to the Sentencing Guidelines allows a defendant to seek and the Court to grant, pursuant to 18 U.S.C. § 3582, a reduction in sentence if the sentence was based on the USSG §2D1.1 offense level for crack cocaine. Such a reduction is only permitted, however, if the original "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the proposed "reduction is consistent with U.S.S.C. applicable policy statement." 18 U.S.C. §3582(c)(2); *see also* U.S.S.G. §1B.10(a)(2)(B) (prohibiting sentencing reduction where retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range").

Under Eleventh Circuit precedent, however, a defendant whose original sentence was based on the Career Offender Guideline under USSG §4B1.1, and not on the offense level calculation under USSG §2D1.1, cannot receive a sentence reduction pursuant to a Guideline amendment like Amendment 750. *See United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, §3582(c)(2) does not authorize a reduction in sentence.").

Counsel for the Defendant argues that the holding in *Freeman v. United States*, 131 S. Ct. 2685 (2011), allows this Court to determine if a Defendant's sentence was in any way "based on" the crack guideline. The Defendant contends that his Career Offender base offense level was, in fact, "based on" the disparity between crack and powder cocaine embodied by both the statutory and guideline range that was in effect at the time of his sentencing.

Justice Sotomayor held in *Freeman* that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement, is based not on the sentencing guidelines but on the plea agreement itself. *Id.* at 2696. She continued by stating that when a sentencing range is clearly considered part of the Rule 11(c)(1)(C) plea agreement, then for purposes of §3582(c)(2), the agreement may be "based on" the Guidelines range and would allow a reduction in sentence based on an amendment to the Guidelines. *Id.* at 2697-98. The holding in *Freeman* was specific to situations in which Rule 11(c)(1)(C) plea agreements were part of the case.

Counsel for the Defendant has placed unqualified reliance upon the *Freeman* case. In *United States v. Lawson*, 686 F.3d 1317 (11th Cir. 2012), the Eleventh Circuit recently addressed the impact that *Freeman* had on its previous holding in *Moore*. The *Lawson* Court held that *Moore* remains binding precedent and was unchanged by the decision in *Freeman*, pointing out that *Freeman* was not on point with the issue in *Moore*. *Lawson*, 686 F.3d 1317. The Court also added in a footnote that under the Supreme Court's decision in *Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977), "Justice Sotomayor's concurring opinion can be viewed as the holding in *Freeman*." *Id.* at 1321 n.2. The Court added, that "even if the plurality opinion contained the holding, *Freeman* would not overrule *Moore.*" *Id.* Thus, the holding announced in *Freeman* is inapplicable to the instant case.

Counsel for the Defendant has also urged the Court to apply the statutory penalties effective under the FSA to the Defendant's case, arguing that the reduced penalties would result in a lower Career Offender sentence. While counsel is correct that a lower guideline range would result, the FSA penalties that became effective August 3, 2010, are not applicable to the Defendant who was sentenced on February 7, 2002.

This issue of retroactivity of FSA penalties was recently addressed by the Supreme Court in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Court held in *Dorsey*, that the penalties proscribed by the FSA are applicable to all post-Act sentencing, even if the offenses were committed pre-Act. *Id.* at 2335. Defendant Brown did not meet the criteria as he was sentenced approximately eight years prior to the effective date of the FSA.

Here, the Defendant was sentenced February 7, 2002. Accordingly, the Court finds that, based on the current state of the law, Amendment 750 neither has the effect of lowering the Defendant's applicable Guideline range nor does it qualify him for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Therefore, IT IS ORDERED that the Defendant's Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Doc. 145) and Amended (Doc. 146) are DENIED.

SO ORDERED, this __12__ day of __Feb.__, 2013.

C. ASHLEY ROYAL
CHIEF UNITED STATES DISTRICT JUDGE

By:

Ellen S. Moore
Chief U.S. Probation Officer