[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10892
Non-Argument Calendar
_____

D.C. Docket No. 5:01-cr-00010-CAR-CHW-1

UNITED STATES OF AMERICA,

                                                                                        Plaintiff-Appellee,

versus

DWIGHT ANTHONY GODDARD,
a.k.a. Tony,

                                                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 3, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Dwight Anthony Goddard, a career offender, appeals the district court's denial of his motion to reduce his 235-month sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Guidelines Amendment 750 and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (FSA). The district court denied Goddard's § 3582(c)(2) motion because he was sentenced as a career offender and his conviction and sentence occurred prior to the FSA's effective date. On appeal, Goddard argues that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. __, 131 S. Ct. 2685 (2011) (plurality opinion), called into question our precedent holding that career offenders were not eligible for sentence reductions based on Amendment 750 because their sentences were based on the career offender guidelines rather than the crack cocaine guidelines. He further contends that he is eligible for a sentence reduction under the FSA because Congress intended for the FSA to be applied retroactively. After careful review, we affirm.

We review de novo a district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Section 3582(c)(2) provides that a district court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Any reduction must be consistent with applicable policy statements issued by the Sentencing

Commission and must be based on a retroactively applicable guideline amendment listed in U.S.S.G. § 1B1.10(c).  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, made permanent an amendment revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. app. C, amends. 750, 759.  The FSA amended the sentencing provisions in 21 U.S.C. § 841(b)(1), the statute under which Goddard was convicted, by raising the amount of crack cocaine necessary to trigger the five-year mandatory minimum sentence and forty-year maximum sentence from five grams to twenty-eight grams.  *See* FSA, Pub. L. No 111-120, 124 Stat. 2372.  Under the FSA, where a defendant has distributed less than twenty-eight grams of crack cocaine, a maximum sentence of twenty years' imprisonment applies.  *See* 21 U.S.C. § 841(b)(1)(C).  The Supreme Court recently held in *Dorsey v. United States* that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect.  567 U.S. __, 132 S. Ct. 2321, 2326 (2012).  The FSA is not retroactive because its provisions apply to sentences entered after its effective date.

A career offender's offense level is determined by U.S.S.G. § 4B1.1(b), rather than § 2D1.1.  The district court lacks the authority to grant § 3582(c) relief to a career offender where a retroactive guideline amendment reduces his base

3

offense level, but does not alter the sentencing range upon which his sentence was based. *See United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.) (per curiam), *cert. denied*, __ U.S. __, 133 S. Ct. 568 (2012); *Moore*, 541 F.3d at 1330.

In *Freeman*, the question before the Supreme Court was whether defendants who entered into plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C) were eligible for § 3582(c)(2) relief. 564 U.S. at ___, 131 S. Ct. at 2690. The plurality opinion in *Freeman* concluded that a defendant who enters into a Rule 11(c)(1)(C) plea agreement should be eligible to seek § 3582(c)(2) relief where the district court's sentencing decision was informed by the guidelines. *Id.* at __, 131 S. Ct. at 2693–95. In Justice Sotomayor's concurrence, she determined that the defendant was eligible for a sentence reduction under § 3582(c)(2) because the express terms of his Rule 11(c)(1)(C) plea agreement based his sentence on a guideline sentencing range applicable to the charged offense. *Id.* at __, 131 S.Ct. at 2695 (Sotomayor, J., concurring).

In *Lawson*, we rejected a defendant's argument that, in light of the Supreme Court's decision in *Freeman*, he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, notwithstanding the fact that his sentence was based on the career offender guideline. *Lawson*, 686 F.3d at 1319–21. We further determined that neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under

one guideline section but who were ultimately assigned a total offense level and guideline range under § 4B1.1. *Id.* at 1321. Unlike the plea agreement at issue in *Freeman*, which explicitly referenced the sentencing guidelines which informed the agreed-upon sentence, the career offender guidelines do not reference the underlying offense and its base offense level. In other words, even if Goddard had been sentenced after the adoption of Amendment 750, his sentence would not be change because it was based on the career offender sentencing guidelines. Thus, we held that *Freeman* did not overrule our holding in *Moore*. *Id.*

Similarly, the FSA does not provide Goddard with retroactive sentencing relief. In *United States v. Berry*, we held that a career offender was not entitled to a sentence reduction under § 3582(c)(2) based on the FSA's lower mandatory minimum sentences, concluding that the FSA was a statutory change, not a guidelines amendment, and therefore could not provide a basis for reducing a sentence under § 3582(c)(2). 701 F.3d 374, 377 (11th Cir. 2012) (per curiam). We noted that even if the defendant could bring a FSA claim in a § 3582(c)(2) proceeding, he would not be eligible for a reduction in sentence because his conviction and sentence occurred prior to the effective date of the FSA, and the FSA did not apply retroactively. *Id.*

In *United States v. Hippolyte*, we held that a defendant was not entitled to a § 3582(c)(2) sentence reduction pursuant to Amendment 750 and the FSA because

5

Amendment 750 did not alter the mandatory minimums in effect at the time of his sentencing, and the FSA did not apply retroactively to defendants who were convicted and sentenced prior to the FSA's effective date.  712 F.3d 535, 541–42 (11th Cir. 2013), *petition for cert. filed*, (U.S. June 12, 2013) (No. 12-10828).

The district court did not err in denying Goddard's § 3582(c)(2) motion. Although Goddard was initially assigned a base offense level under § 2D1.1, his total offense level and guideline range were calculated pursuant to § 4B1.1 because he is a career offender.  Thus, Goddard is not eligible for § 3582(c)(2) relief because Amendment 750 did not alter the sentencing range upon which his sentence was based.  *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1330. Goddard's reliance on the Supreme Court's plurality decision in *Freeman* is unpersuasive because in *Lawson* we noted that Justice Sotomayor's concurrence is the holding in *Freeman*, and that *Freeman* did not overrule our holding in *Moore*. *Lawson*, 686 F.3d at 1321 & n.2.

As to Goddard's FSA argument, the FSA is a statutory change, rather than a guidelines amendment, and thus, it cannot serve as a basis for a § 3582(c)(2) sentence reduction.  *See Berry*, 701 F.3d at 377.   Even if Goddard could raise his FSA claim in a § 3582(c)(2) proceeding, it would fail because Goddard was sentenced in 2002, long before the FSA's effective date, and the FSA does not

6

apply retroactively.  *See Berry*, 701 F.3d at 377; *Hippolyte*, 712 F.3d at 542.

Accordingly, we affirm.

**AFFIRMED.**